UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN CHRISTOPHER GAZLAY, | Case No. 2:23-cv-00221-MMD-EJY |
| Petitioner, | ORDER |
| v. | |
| LAS VEGAS METRO POLICE DEPARTMENT, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court for an initial review of *pro se* Petitioner Steven Christopher Gazlay's 28 U.S.C. § 2241 petition for writ of habeas corpus under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court summarily dismisses this action because Petitioner has not exhausted available state judicial remedies and because the petition is barred by the *Younger* abstention doctrine.

Petitioner is a pretrial detainee who was formerly in custody at the Clark County Detention Center. He challenges his detention and high-level electronic monitoring—house arrest. He alleges that he was falsely arrested based on a lack of probable cause and "manufactured facts and circumstances." (ECF No. 1 at 6.) He further alleges that he has been arrested and detained based on an unconstitutionally vague statute, that the Clark County District Attorney's office has improperly exercised the authority of the legislative branch, and that the State of Nevada failed to provide adequate notice of summons for indictment in his state court case. (*Id*. at 6-7.) *See State of Nevada v. Gazlay*, Case No. C-21-358879-1; *State of Nevada v. Gazlay*, Case No. C-21-353553-1.

___

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

First, Petitioner has failed to exhaust his state remedies before pursuing this federal action. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement is based on the policy of federal-state comity and is intended to allow state courts the initial opportunity to correct constitutional violations. *See id*. To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 364 (1995) (citing *Picard*, 404 U.S. at 275). Although 28 U.S.C. § 2241 does not explicitly require exhaustion, federal courts generally require, as a prudential matter, that habeas petitioners exhaust available administrative and judicial remedies before seeking relief under § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). The exhaustion requirement is subject to waiver in § 2241 cases if pursuing available remedies would be futile. *See Ward*, 678 F.3d at 1045.

The petition does not indicate that Petitioner exhausted his claims in state court. It appears that both of Petitioner's state court cases are ongoing, and he has not sought relief from the Nevada Court of Appeals or Nevada Supreme Court.

Second, Petitioner has not demonstrated the extraordinary circumstances necessary for this federal court to interfere in a state court criminal prosecution. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the principles of comity and federalism preclude federal courts from interfering with ongoing state criminal proceedings absent extraordinary circumstances. *Younger* abstention is appropriate when state court criminal proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise the defendant's claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).

Petitioner is challenging the constitutionality of charges related to ongoing criminal cases. (ECF No. 1 at 6-7.) His ongoing criminal cases naturally implicate important state

interests and provide adequate opportunity for Petitioner to raise his constitutional claims. There is no indication of extraordinary circumstances or a showing that irreparable injury will occur. *See Brown v. Ahern*, 676 F.3d 899, 900-01 (9th Cir. 2012). Accordingly, abstention is required.

Because the petition is unexhausted and Petitioner has not presented any basis for the Court to circumvent *Younger* abstention at this time, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding, or otherwise result in substantial prejudice.

It is therefore ordered that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied as jurists of reason would not find dismissal of the petition to be debatable or wrong.

The Clerk of Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

The Clerk of Court is directed to close this case and enter judgment accordingly, dismissing this action without prejudice.

DATED THIS 1st Day of March 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE